ARTHUR P. FIELDS *et al.*, Plaintiffs-Appellees, v. LAKE HILLCREST CORPORATION, Defendant-Appellant (The Board of Zoning Appeals of the Village of Glen Carbon *et al.*, Defendants).

Fifth District    No. 5—02—0133

Opinion filed November 19, 2002.

458

Thomas W. Burkart and Karen D. Burkart, both of Burkart Law Offices, of Maryville, for appellant.

Stephen M. Tillery and Christine J. Moody, both of Carr, Korein & Tillery, of Belleville, for appellees.

JUSTICE KUEHN delivered the opinion of the court:

Lake Hillcrest Corp. appeals from the trial court's May 7, 2001, order denying its motion to vacate all orders of the trial court entered after February 10, 1999. On that date, the trial judge allowed attorney Thomas Burkart's motion to withdraw as counsel for Lake Hillcrest Corp. (Lake Hillcrest). Pursuant to directions contained within that order, Lowell Hampton, president of Lake Hillcrest, entered his appearance on behalf of the corporation. Lowell Hampton is not an attorney. Lake Hillcrest contends that the trial court should have found that any order or judgment entered after the withdrawal of its attorney is void, because a corporation can only be represented by an attorney—not by a layperson. On August 17, 1999, the trial court granted a request for injunctive relief filed by Arthur P. Fields and Gloria Fields. Lake Hillcrest argues that the Fields' injunction is invalid. The Fields filed a motion in this court seeking to dismiss the appeal on the bases that it is untimely and frivolous. The Fields also ask us to impose sanctions pursuant to Supreme Court Rule 375 (155 Ill. 2d R. 375).

We will not delve into great specificity about who owned what land at what time. The underlying facts of this case involve a private neighborhood beach within the Lake Hillcrest subdivision in Glen Carbon. The lake was owned by Lake Hillcrest. Lake Hillcrest is a

not-for-profit homeowners association. The beach was apparently created on a dam on the north end of the lake area in 1964. In 1992, the Fields purchased land north of the lake with the intent of developing an upscale single-family home subdivision. In 1996, the Village of Glen Carbon, Illinois, passed a zoning ordinance relative to parks being used on a recreational basis in an area specifically zoned for single-family residences. Prior to the filing of this complaint, the Fields had complained that the use of the specific land as a beach was not permissible pursuant to the ordinance. While we would like to be able to include the exact language of the ordinance, the ordinance was not included in the record. In any event, the Fields brought their dispute to the Board of Zoning Appeals for the Village of Glen Carbon (the Board). On September 3, 1998, the Board rendered its decision that because the beach area had been in use since 1964, its usage amounted to a "continuous and existing non[ ]conforming use." The Board found that the zoning ordinance was therefore inapplicable.

On October 1, 1998, the Fields filed suit against the Board, its chairman, and Lake Hillcrest. The Fields sought the review of that zoning decision. Attorney Thomas Burkart entered his appearance and filed a motion to dismiss on behalf of Lake Hillcrest. Attorney Gary Peel entered his appearance and filed a motion to dismiss on behalf of the Board and its chairman. On December 11, 1998, the trial court partially granted these motions to dismiss, granting leave to the Fields to file an amended complaint. On January 6, 1999, the Fields filed their amended complaint.

Apparently due to a dispute between attorney Thomas Burkart and his client, he filed a motion to withdraw as counsel for Lake Hillcrest. This motion was granted on February 10, 1999. The order entered by the court was the proposed order enclosed by attorney Thomas Burkart with his motion to withdraw. The relevant language drafted by attorney Thomas Burkart reads as follows:

> "Unless another attorney enters his or her appearance as attorney of record for the defendant, LAKE HILLCREST CORPORATION, they are hereby ordered to file with the Clerk of the Court—within twenty-one (21) days of this Order, a supplementary appearance stating therein an address at which service of notices or other papers may be had upon them."

On that same date, nonattorney Lowell Hampton entered his appearance on behalf of Lake Hillcrest and filed his general answer denying the allegations of the Fields' amended complaint.

On March 31, 1999, the Fields filed a second amended complaint, with which all parties were served. The complaint against Lake Hillcrest was served upon Lowell Hampton.

On May 14, 1999, attorney David Harris, on behalf of Lake Hillcrest and several newly named defendants who reside in Lake Hillcrest, filed a motion to dismiss this second amended complaint. Attorney David Harris failed to file his entry of appearance or pay the requisite fee for filing an entry of appearance in Madison County circuit court. While in due course this motion to dismiss was set for a hearing, the notice of hearing was not sent to attorney David Harris, but to Lowell Hampton. The employees in the Madison County circuit clerk's office are instructed to change the names of attorneys and/or addresses, relevant to a party's representation, upon receipt of an entry of appearance. That document triggers the name/address change. A motion to dismiss without an entry of appearance announcing a change in representation would not necessarily result in a name/address change in the official records for that case.

On June 4, 1999, attorney Stephen M. Tillery filed his entry of appearance on behalf of the Fields. Because there had been no previously filed motion to withdraw as counsel for the Fields, we assume that Stephen M. Tillery was being added as counsel for the Fields, in addition to the attorney who had represented the Fields from the inception of this suit, Robert Bruegge.

At some point in early June 1999, Judge Ann Callis conducted a case management conference. Attorney David Harris did not receive notice of this conference. Presumably, Lowell Hampton did receive such notice. No one appeared at the conference on behalf of Lake Hillcrest. No one contacted attorney David Harris to find out why he did not attend the conference. On June 7, 1999, Judge Callis entered an order setting "oral argument" for August 17, 1999. The minute entry for June 7, 1999, reflects that "copies [were] sent" to the parties and counsel of record. Because the list of attorneys did not include David Harris, his copy of this notice of hearing was sent to Lowell Hampton.

Lake Hillcrest's motion to dismiss was set for a hearing on July 2, 1999. Attorney David Harris was not notified of the hearing. Additionally, it appears that neither attorney David Harris nor Lowell Hampton appeared on behalf of Lake Hillcrest. After hearing arguments on the motion, the trial judge denied the motion.

On August 2, 1999, attorney Stephen M. Tillery filed a lengthy memorandum with exhibits in support of the Fields' position in this suit. This memorandum set forth the bases for the Fields' argument that the trial court should reverse the Board's decision. The cover letter indicates that a copy of the memorandum had been sent on that same date to opposing counsel. However, the letter only referenced that copies had been sent to attorney Gary Peel, as the attorney for the Board and its chairman, and to attorney Robert Bruegge, as co-

counsel for the Fields. The certificate of service attached to the memorandum also indicates that only those two attorneys were served with copies. Apparently, Lake Hillcrest was not served with the memorandum, because it was not sent to attorney David Harris or to Lowell Hampton.

On August 17, 1999, the trial court held its hearing on the merits of the Fields case. The Fields and their attorneys appeared. Attorney Gary Peel appeared on behalf of the Board and its chairman. Attorney David Harris did not appear. Lowell Hampton did not appear. Therefore, Lake Hillcrest was unrepresented at this hearing. No briefs or memoranda of law were filed on behalf of the Board and its chairman or on behalf of Lake Hillcrest. After hearing evidence and after a consideration of the record, Judge Callis entered an order reversing the September 1998 order of the Board. The Fields' request for an injunction, forbidding further use of the area as a swimming, bathing, or beach area, was granted. In this order, she specifically found that the relevant zoning ordinance permits "parks" as a recreational use in an "RS-10, Single-Family Residential District." She concluded that the usual and ordinary interpretation of the word "parks" did not encompass beaches. Therefore, she found that Lake Hillcrest had been illegally operating a beach since January 1, 1974, the date on which a relevant Illinois statute in the Swimming Pool and Bathing Beach Act (210 ILCS 125/4 (West 1998)) became law. She further found that the beach was not a "lawful non[ ]conforming use" as contemplated by the zoning ordinances. This order was final and appealable.

On September 15, 1999, David Harris filed a motion to set aside the August 17, 1999, judgment. He finally filed his entry of appearance on October 6, 1999, and in response to that filing, the clerk's office prepared and sent out an amended notice of hearing on the motion he had filed. In his motion, attorney David Harris argued that he did not receive notification of the August 17, 1999, hearing, that his arguments were not heard at that hearing, and that Judge Callis entered a *pro forma* order prepared by the Fields' attorneys. On October 15, 1999, his motion was called, argued, and denied. The written order does not detail Judge Callis's rationale for denying the motion.

Attorney David Harris filed a notice of appeal, in which he indicated that he was appealing from the trial court's August 17, 1999, and October 15, 1999, orders. We docketed the appeal as number 5—99—0758. After the record was filed with this court, our clerk set the briefing schedule. A brief on behalf of Lake Hillcrest was due to be filed on or before February 18, 2000. Attorney David Harris did not file this brief. No one else filed a brief or requested an extension of

time on behalf of Lake Hillcrest. On March 1, 2000, this court entered a show-cause order. No response was filed to this show-cause order, and on March 16, 2000, we dismissed the appeal for want of prosecution. In late March 2000, attorney David Harris filed a motion to reopen this appeal and to stay the matter pending a determination of which attorney should represent Lake Hillcrest and pending the outcome of a separate case among the parties filed in the chancery division of the Madison County circuit court. On April 12, 2000, we denied this motion.

This case was dormant until March 16, 2001, when attorney Thomas Burkart reentered the picture. On that date he filed a motion to vacate all orders and judgments entered since February 10, 1999, the date on which he had previously been granted leave to withdraw as counsel of record for Lake Hillcrest. In this motion, he states that the February 10, 1999, order provided Lake Hillcrest with 21 days to obtain replacement counsel. This statement is factually misleading. Attorney Thomas Burkart prepared this order. The order required Lake Hillcrest to either find an attorney and have that attorney enter his or her appearance within 21 days *or provide the clerk's office with the name and address of the individual to whom the clerk's office should send future notification.* Pursuant to the order, clearly the judge contemplated the possibility that a nonattorney would enter his or her appearance as the representative for Lake Hillcrest. However, it is this very occurrence to which Lake Hillcrest and attorney Thomas Burkart take issue. He argues that a nonattorney can never represent a corporation and that if a nonattorney does so, any and all orders and judgments entered thereafter are void.

Attorneys for the Fields filed a response to this motion and also sought sanctions pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137). The Fields argued that attorney Thomas Burkart misconstrues the law. Specifically, they argued that orders and judgments should only be voided following nonlegal representation of a corporate party when the nonlawyer initiates the legal proceedings. Furthermore, the Fields argued that Lake Hillcrest was represented by counsel at the time of the August 17, 1999, hearing on the merits—but its attorney had simply failed to file an entry of appearance and so, while Lake Hillcrest was represented, its attorney received no notification of and was not present at the hearing. Finally, the Fields contended that this argument had previously been raised in the circuit and appellate courts. The Fields concluded by stating that if Lake Hillcrest's request to void all orders subsequent to the withdrawal of its attorney was allowed, the judicial system would be seriously undermined.

The hearing on these motions was held before Judge Lewis E.

Mallott on May 4, 2001. In a fairly lengthy order, Judge Mallott denied Lake Hillcrest's motion on May 7, 2001. First, Judge Mallott noted that the issues raised in this motion to vacate had been raised before Judge Callis and denied and could have been properly raised in the appellate court but that the appeal was dismissed for want of prosecution. Addressing the core issue, Judge Mallott rejected the argument that a corporation can be given blanket protection from orders entered after the corporation's attorney is granted leave to withdraw. He noted that the president of Lake Hillcrest was given the proper notice and had a duty to hire counsel to represent the corporation. Lake Hillcrest filed its notice of appeal from this order on May 16, 2001.

Subsequently, on May 29, 2001, attorney Thomas Burkart filed a motion seeking to withdraw his notice of appeal on the grounds that it was premature because the trial court had not yet ruled upon the Fields' request for sanctions. He filed this motion in the Madison County circuit court, but not in this court. This court had already docketed the appeal under the number 5—01—0359.

On June 29, 2001, Judge Lewis E. Mallott held a hearing on this request for sanctions. Initially, Judge Mallott noted that the motion filed by attorney Thomas Burkart was in "good faith." He stated that he did not believe that attorney fees were warranted. However, he was greatly disturbed by Lake Hillcrest's intent to appeal. Judge Mallott stated that initially he would have denied the Fields' request for sanctions but that he was inclined to grant the request because Lake Hillcrest had filed its notice of appeal. The award, if any, would be assessed directly against attorney Thomas Burkart. He did not grant the motion at that hearing, indicating that he would assess attorney fees as a sanction if the case went to this court on appeal and this court affirmed his May 7, 2001, judgment. Judge Mallott clarified that if and when he ordered the payment of attorney fees, those fees would include any incurred by the Fields in defending the appeal. If Lake Hillcrest filed an appeal, Judge Mallott would revisit the Fields' request for sanctions.

On July 23, 2001, Lake Hillcrest filed its notice of appeal from the trial court's May 7, 2001, and June 29, 2001, orders. We docketed this appeal under the number 5—01—0613.

Because appeal number 5—01—0359 was not being prosecuted (the appeal that attorney Thomas Burkart believed to be premature), we dismissed that appeal for want of prosecution on August 13, 2001.

In number 5—01—0613, the Fields filed a motion to dismiss the appeal and for Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)) sanctions. The Fields argued that the appeal was frivolous and untimely. Using the October 15, 1999, date of the order denying Lake Hillcrest's

motion to vacate, the Fields argued that any appeal of that order should be barred by this court's previous order dismissing for want of prosecution the appeal from that order. We concluded that we lacked jurisdiction, but for a different reason. The order for attorney fees was not really a final order for attorney fees but was, as we stated, "conditional at best." *Fields v. Board of Zoning Appeals*, No. 5—01—0613, unpublished order at 6 (November 2, 2001). As such, the June 29, 2001, order was not subject to enforcement. We dismissed the appeal and denied the Fields' request for sanctions.

On remand to the Madison County circuit court, Judge Lewis E. Mallott held a hearing on the attorney fees issue on January 25, 2002. At this hearing, after hearing the testimony of the Fields' attorney, Christine Moody, Judge Mallott sanctioned attorney Thomas Burkart $3,750.

On February 19, 2002, Lake Hillcrest filed its notice of appeal from the trial court's May 7, 2001, June 29, 2001, and January 25, 2002, orders. We docketed this appeal with number 5—02—0133.

The Fields argue that we should not address the merits of this appeal because it is untimely. This is the same argument they made in the last appeal, which we dismissed for lack of jurisdiction because the trial court's attorney fees order was not final and appealable. We choose to address the merits of the appeal. The arguments raised by Lake Hillcrest, if accepted, are ones that can be raised at any time. Given this case's tortuous history, the merits need to be addressed at the appellate court level.

Whether Lake Hillcrest's representation by a nonlawyer should serve to void any orders entered during its period of nonlegal representation raises a question of law. Therefore, our review is *de novo*. *Donaldson v. Central Illinois Public Service Co.*, 199 Ill. 2d 63, 100, 767 N.E.2d 314, 336 (2002).

There are various reasons why we cannot go along with the theory of corporate representation advanced by Lake Hillcrest. Most importantly though, the theory, if correct, would invite abuse. At any time when a case was not going well, a corporation could fire its attorney and then do nothing. By not hiring another attorney to represent it, the corporation could essentially bring the judicial process to a complete stop.

The authority Lake Hillcrest cites in support of its position is inapposite. If Lake Hillcrest had initiated a legal proceeding without the benefit of representation by counsel, then any and all proceedings would be void *ab initio*. See *Berg v. Mid-America Industrial, Inc.*, 293 Ill. App. 3d 731, 737, 688 N.E.2d 699, 704 (1997). This rule is based upon the premise that corporations are prohibited from practicing law.

Section 1 of the Corporation Practice of Law Prohibition Act (705 ILCS 220/1 (West 1996)) states, "It shall be unlawful for a corporation to practice law or appear as an attorney at law for any reason in any court in this state ***." Cases interpreting this prohibition have concluded that proceedings are void where instituted by a layperson. *Marken Real Estate & Management Corp. v. Adams*, 56 Ill. App. 3d 426, 429, 371 N.E.2d 1192, 1194 (1977); *Housing Authority v. Tonsul*, 115 Ill. App. 3d 739, 740, 450 N.E.2d 1248, 1249 (1983).

■ Lake Hillcrest was represented by counsel after it was served with process, until February 10, 1999. Thereafter, it was unrepresented by counsel until approximately May 14, 1999, at which time attorney David Harris filed a motion to dismiss the Fields' second amended complaint. Even though it had a properly licensed attorney representing it in this matter, Lake Hillcrest now argues that anything this attorney filed was a nullity because David Harris neglected to file his formal entry of appearance. Because the Madison County circuit clerk's office failed to recognize David Harris by sending him notification of pending hearings, Lake Hillcrest argues that it was essentially unrepresented. The reality is that Lake Hillcrest did have an attorney. Any complaint that Lake Hillcrest has about its attorney not receiving notice is a matter that Lake Hillcrest should address to the attorney it hired and who failed to follow standard protocol in entering his appearance. Even though he did not receive notification from the clerk's office, there was absolutely no impediment to his ascertaining relevant hearing dates by perusing the court file—a public record. Furthermore, with a timely placed telephone call to the clerk's office, he would have gleaned knowledge of the relevant dates. Lake Hillcrest's complaints are misdirected.

Additionally, these notification arguments were raised and argued before the trial court by Lake Hillcrest's attorney at a point in time when he had entered his appearance. Lake Hillcrest had its appellate opportunity to further argue these issues in its previous appeal—one that was dismissed because of a failure on the part of the corporation, by its attorney, to prosecute the matter.

We find no error in the trial court's May 7, 2001, order.

■ Lake Hillcrest also appeals from the trial court's June 29, 2001, and January 25, 2002, orders regarding the imposition of sanctions. We reverse the order for sanctions. In the June 29, 2001, hearing, Judge Lewis E. Mallott made findings that the arguments made by attorney Thomas Burkart were made in good faith and raised valid legal issues. However, Judge Mallott expressed his opinion that attorney Burkart's position was "dead wrong." Judge Mallott then threatened that if an appeal was filed on behalf of Lake Hillcrest, he would order

attorney Thomas Burkart to pay sanctions in the form of attorney fees. Either Thomas Burkart's arguments were in good faith or they were not. If his arguments in the trial court were valid, then why should he be precluded from seeking an appellate opinion on the matter? Regardless of the form of the sanctions entered by Judge Mallott on January 25, 2002, we find that the order was inappropriate.

Turning to the question of sanctions on this appeal, the imposition of sanctions pursuant to Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)) is left strictly to our discretion. Sanctions of that type can be imposed if an appeal is deemed frivolous or "not taken in good faith." 155 Ill. 2d R. 375(b). Supreme Court Rule 375(b) states that an appeal is frivolous if it is "not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." 155 Ill. 2d R. 375(b); *Gunthorp v. Golan*, 184 Ill. 2d 432, 441, 704 N.E.2d 370, 374 (1998).

We conclude that sanctions would be inappropriate in this case because the appeal is not necessarily frivolous in nature as required by the rule. See 155 Ill. 2d R. 375(b). The language of section 1 of the Corporation Practice of Law Prohibition Act (705 ILCS 220/1 (West 1996)) seemingly prohibits a corporation's representation by a nonlawyer for any purpose. While the cases citing this statute do not track this all-inclusive language, the language provides enough support for Lake Hillcrest's appeal, such that we simply cannot conclude that the appeal was frivolous.

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby affirmed in part and reversed in part. The motion to dismiss and for sanctions filed by Arthur P. Fields and Gloria Fields is hereby denied.

Affirmed in part and reversed in part; motion denied.

HOPKINS and GOLDENHERSH, JJ., concur.