2019 IL App (1st) 182186-U

SIXTH DIVISION
October 25, 2019

No. 1-18-2186

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| LAMARR SPRINGS, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18 MI 113962 |
| | ) | |
| AMALGAMATED TRANSIT UNION, LOCAL 241, | ) | |
| | ) | Honorable Dennis M. McGuire, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Cunningham and Harris concurred in the judgment.

**ORDER**

¶ 1  *Held:* Where an inadequate record on appeal prevents us from assessing the bases for reversing the decision of the circuit court raised on appeal, judgment in favor of a union on its member's claim for reimbursement is affirmed. The union's request for sanctions is denied.

¶ 2                          I. BACKGROUND

¶ 3   Plaintiff Lamarr Springs filed a one-count small claims complaint on April 17, 2018, naming Amalgamated Transit Union, Local 241 (Local 241), as the sole defendant. Mr. Springs alleged that he had personally incurred $6427.22 in itemized expenses in relation to Local 241's

participation in the National Amalgamated Transit Union Basketball Program, plus $768.00 for work he missed as a result of his involvement with the basketball program.

¶ 4    Mr. Springs alleged that he asked Local 241 for reimbursement for these amounts soon after he returned from the basketball program in spring 2016. Although Local 241's president personally paid him $1500.00 as partial reimbursement, Mr. Springs claimed he was still owed $5695.22. Mr. Springs identified no legal theory upon which his claim was based. Nowhere in his complaint did he allege that Local 241 authorized or promised to reimburse him for his time or expenditures in relation to the basketball program.

¶ 5    On September 13, 2018, the trial court entered judgment in favor of Local 241 and against Mr. Springs. The parties inform us that a bench trial was held the same day. However, the record on appeal contains no transcript of the proceedings, the order of judgment does not refer to the trial court's reasoning, and Mr. Springs never filed a bystander's report or agreed statement of facts, as are permitted by Illinois Supreme Court Rule 323. Ill. S. Ct. R. 323(c), 323(d) (eff. July 1, 2017).

¶ 6    This appeal followed.

¶ 7                          II. JURISDICTION

¶ 8    The trial court entered judgment in favor of Local 241 on September 13, 2018, and Mr. Springs timely filed his notice of appeal on October 11, 2018. This court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 9                          III. ANALYSIS

¶ 10                     A. Mr. Springs's Claims of Error

¶ 11    On appeal, Mr. Springs first argues that the circuit court improperly relied on an isolated provision in the union's by-laws to deny his claim. He claims, without any support, that the complete bylaws were not presented at trial, and that the court incorrectly accepted Local 241's interpretation of that document as a limitation on the union's ability to reimburse Mr. Springs. Essentially, Mr. Springs asks us to determine that his claim for reimbursement is not precluded based on our independent reading of a document that may or may not have been considered, in whole or in part, by the trial court as a basis for its decision. Even if we were inclined to do so, Local 241 is right that nothing in the record indicates that Mr. Spring made a *prima facie* case for reimbursement in the first place, under any legal theory.  Mr. Springs, "as the appellant, has the burden of presenting a record sufficient to support [his] claim of error." *People v. Bonilla*, 2018 IL 122484, ¶ 9. Any doubts that may arise from the incompleteness of the record must be resolved against him. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 12    Here, the record on appeal does not contain a report of proceedings, a bystander's report, an agreed statement of facts, or any other information relied on by the trial court in entering judgment in Local 241's favor. By way of explanation, Mr. Springs's counsel states that "[b]y the time the record was filed it had already been too long for counsel to remember the exact testimony and her relationship to opposing counsel was not such that it was reasonable to try for a bystander report."

¶ 13    Although, after the briefs were all filed in this case, Mr. Springs filed a motion to supplement the record with some of the documents he claims were before the trial court, that record was never certified by the clerk of the circuit court, an objection was filed on the basis that it was untimely, and the motion to file it was denied. There is simply no basis upon which we could find that the trial court's judgment was against the manifest weight of the evidence or

should be reversed for any other reason. See *Foutch*, 99 Ill. 2d at 393 (presuming, in the absence of an adequate record, that the circuit court's decision "was in conformity with the law and was properly supported by evidence").

¶ 14    Mr. Springs also insists that Local 241 was required to reimburse him for funds he expended in connection with the basketball program under the doctrine of judicial estoppel. But judicial estoppel, which applies when a litigant takes a position, benefits from that position, and then tries to take a contrary position in a later proceeding (*Seymour v. Collins*, 2015 IL 118432, ¶ 36), is not applicable here. We think Mr. Springs's counsel instead intended to argue promissory estoppel.

¶ 15    To establish a claim for promissory estoppel, Mr. Springs must have shown that: (1) Local 241 made an unambiguous promise to him; (2) he relied on that promise; (3) his reliance was expected and foreseeable by Local 241; and (4) he relied on the promise to his detriment. *Centro Medico Panamericano, Ltd. v. Benefits Management Group, Inc.*, 2016 IL App (1st) 151081, ¶ 25. Local 241 contends that Mr. Springs forfeited this claim of error by failing to raise it in the trial court. See, *Department of Transportation ex rel. People v. Greatbanc Trust Co.*, 2018 IL App (1st) 171315, ¶ 13 (noting that "contentions not raised in the trial court are [forfeited] and may not be raised for the first time on appeal.").

¶ 16    In considering this argument, we encounter the same difficulty described above. There is simply no record regarding whether this issue was or was not preserved for our review or what evidence may have supported this claim if it were not forfeited.

¶ 17    On appeal, Mr. Springs argues that Local 241 had reimbursed him for similar program-related expenditures in the past. Reliance on prior conduct may indeed support a claim for damages under the doctrine of promissory estoppel. See, *e.g.*, *First National Bank of Cicero v.*

*Sylvester*, 196 Ill. App. 3d 902, 912 (1990) (holding, in the context of a claim for promissory estoppel, that a "promise may be inferred from conduct or words"). However, the record contains no evidence of such prior payments, or any other pattern of prior conduct from which Mr. Springs could have inferred a promise to reimburse him, and "[a] court of review is prohibited from considering matters outside the record on appeal. *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 16.

¶ 18    For the foregoing reasons, we affirm the circuit court's order entering judgment in favor of Local 241.

¶ 19                              B. Local 241's Request for Sanctions

¶ 20    Local 241 asks us to impose sanctions against Mr. Springs's counsel, Margaret A. Lundahl, pursuant to Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). Local 241 argues there was no "good faith basis" for continuing this appeal after Ms. Lundahl failed, as permitted by Illinois Supreme Court Rule 323(c) (eff. July 1, 2017), to serve a proposed bystander's report on Local 241 within 28 days of filing Mr. Springs's notice of appeal. Local 241 also notes that it twice brought the frivolous nature of this appeal to Ms. Lundahl's attention in a motion to dismiss filed in this court and, prior to that, in a letter informing Ms. Lundahl that dismissal would be sought if Mr. Springs did not abandon his appeal.

¶ 21    Rule 375(b) provides:

"Appeal or Other Action Not Taken in Good Faith; Frivolous Appeals or Other Actions. If, after consideration of an appeal or other action pursued in a reviewing court, it is determined that the appeal or other action itself is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of

prosecuting or defending the appeal or other action is for such purpose, an appropriate sanction may be imposed upon any party or the attorney or attorneys of the party or parties. An appeal or other action will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. An appeal or other action will be deemed to have been taken or prosecuted for an improper purpose where the primary purpose of the appeal or other action is to delay, harass, or cause needless expense." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 22 An appeal is deemed frivolous if a reasonable, prudent attorney would not in good faith have brought such an appeal. (Internal quotation marks omitted.) *Kennedy v. Miller*, 197 Ill. App. 3d 785, 791 (1990). Imposition of sanctions under Rule 375(b) is left strictly to our discretion. *Fields v. Lake Hillcrest Corp.*, 335 Ill. App. 3d 457, 466 (2002).

¶ 23 Here, we allowed two extensions of time for Ms. Lundahl to file Mr. Springs's opening brief. The order granting the second extension set March 20, 2019, as the due date and specified that no additional extensions would be granted. On that day, Ms. Lundahl nevertheless sought a third extension of time, which Local 241 opposed. In denying her motion, we noted that a final extension of time had already been granted. Nearly a month later, on April 26, 2019, Ms. Lundahl sought to file Mr. Springs's opening brief, *instanter*, and Local 241 moved to dismiss the appeal as untimely and frivolous. Although we allowed the brief, we noted that Ms. Lundahl's "neglect of this appeal [was] unacceptable."

¶ 24 After careful consideration of the briefs, the record, and the proceedings in this court, and although we agree completely with the notation in this court's previous order that Ms. Lundahl's neglect is "unacceptable," we decline to sanction Ms. Lundahl in relation to this appeal. In

addition to the significant delays noted above, there was serious neglect in failing to provide any record that could have supported an appeal. However, this does not necessarily mean that, if a proper record had been provided, the underlying issues raised in this appeal were frivolous, or that the primary purpose of the appeal was to delay, harass, or cause needless expense. As such, we decline to impose sanctions under Rule 375(b). We note, however, that this court has previously imposed sanctions upon Ms. Lundahl for failing to comply with our supreme court's rules governing the contents and filing of briefs. See *Encore Credit Corp. v. Noble*, 2017 IL App (1st) 153276-U, ¶¶ 26-29. We admonish Ms. Lundahl that, if she wishes to continue practicing before this court, she is required to adhere to the rules for such practice.

¶ 25   Because we affirm the lower court's entry of judgment in favor of Local 241, Local 241's motion to dismiss the instant appeal, which we took with the case, is denied as moot.

¶ 26                                IV. CONCLUSION

¶ 27   For the above reasons, the judgment of the circuit court of Cook County is affirmed. In the exercise of our discretion, we decline to impose sanctions against plaintiff's counsel.

¶ 28   Affirmed.