CHRISTINA ASHLEY, Plaintiff, v. JAMES M. SCOTT, Defendant (James H. Scott, Defendant-Appellant and Cross-Appellee; Illinois Farmers Insurance Company *et al.*, Respondents-Appellees and Cross-Appellants).

Second District No. 2—93—1433

Opinion filed September 26, 1994.—Rehearing denied October 24, 1994.

Paul Harrison Stacey, of Wheaton, for appellant.

T. Patrick Rice, of Greene, Jones, Brisske & Rice, of Wheaton, and Robert G. Black, of Collins & Black, of Naperville, for appellees.

PRESIDING JUSTICE INGLIS delivered the opinion of the court: The circuit court of Du Page County sanctioned respondents, attorney T. Patrick Rice (Rice) and Illinois Farmers Insurance Company (Farmers), for violating Supreme Court Rule 137 (155 Ill. 2d R. 137) by alleging negligent entrustment in a civil complaint without any factual basis and without adequate investigation. Petitioner, James H. Scott (the father), appeals the order, contending that the court erred in awarding only $10,000 for his attorney fees, where undisputed evidence indicated that his fees totaled $36,082.72. Rice and Farmers cross-appeal the order, contending that no violation of Rule 137 occurred and that the sanction constituted an abuse of discretion. We affirm the award of sanctions and remand for a new hearing on the amount of the award.

A two-car accident occurred on April 29, 1990. Plaintiff, Christina Ashley, a passenger in one of the cars, was injured. This car was driven by her fiance, defendant James M. Scott (the son), and was owned by the father. Plaintiff was insured against bodily injury by Farmers. Farmers paid plaintiff $250,000 in underinsurance benefits and pursued its subrogation claim against the son. Farmers retained Rice to pursue this claim.

Rice filed a complaint against the son alleging negligence. He then amended the complaint to add the father as a defendant and to add a count of negligent entrustment against the father. This was the basis for the allegation:

"The defendant JAMES H. SCOTT, knew, or should have known, that he was entrusting his vehicle to an unfit driver, JAMES M. SCOTT, and that JAMES M. SCOTT had been convicted of no less than four (4) traffic violations in Du Page County within a period of two years, prior to the date of the subject occurrence; further, by entrusting said vehicle to JAMES M. SCOTT, JAMES H. SCOTT was negligent."

The record indicates that Rice retained an investigator to determine what claims might be brought. The investigator explored the son's driving record and the father's financial position, and, on this basis, Rice levied the allegation of negligent entrustment. Most

notably, Rice never inquired of plaintiff, the passenger in the car driven by the son, as to whether she observed any indication that he was an unfit driver. The record also indicates that the son was a licensed driver and a member of Alcoholics Anonymous, returning from an AA celebration of his first full year of sobriety. The son's driving record had been clear for 14 months.

The father moved for summary judgment on the entrustment issue, and plaintiff was deposed on that issue only. Plaintiff stated that she did not agree with the entrustment allegation. Rice then instructed her not to answer any other questions regarding facts which might support the allegation that the son was an unfit driver. The court granted a motion to compel answers to deposition questions, and Rice disclosed that plaintiff knew of no facts to support the allegation that the son was an unfit driver. He also disclosed that plaintiff had not been consulted prior to filing the complaint for negligent entrustment.

The court granted the father's motion for summary judgment, including in the order language indicative of finality and appealability in accordance with Supreme Court Rule 304 (155 Ill. 2d R. 304). No appeal was taken. The father moved for sanctions in March 1992. Rice answered that he had materials in his files that supported the claim, but that the materials were privileged and work product in nature. Rice sought a continuance of the sanction matter until after settlement or judgment or, alternatively, an *in camera* inspection of his documents and recusal of the judge after the *in camera* inspection. The father moved for an *in camera* inspection and for the compulsion of disclosure.

The court ruled in March 1993 that the father had established a *prima facie* case for the imposition of sanctions; that the claim of privilege was irrelevant to the issue raised in the motion for sanctions; and that no just reason existed to delay the sanction proceeding. In a response to the motion for sanctions, Rice and Farmers alleged collusion between plaintiff and the father's attorney. The father and his attorney filed a surreply to the response, answering this and other allegations therein. The parties also argued about a demand letter allegedly sent by Rice to plaintiff and about an emergency motion to reopen proofs which was granted and then denied.

When the matter was finally heard, the court found that the investigation of the father's financial position offered no credible information supporting the negligent entrustment claim. The court also found that the traffic offenses "clearly did not establish a reason-

able basis to bring the complaint for negligent entrustment." The court found that the failure to discuss the matter with plaintiff constituted a failure to make a reasonable factual investigation in violation of Supreme Court Rule 137.

Rice and Farmers moved for reconsideration and for continuances. The court denied the motion for reconsideration and scheduled a hearing on the amount of sanctions for October 1993. The father then supplemented his motion for sanctions, seeking fees for the 18-month pendency of the sanctions proceeding.

At this hearing, the father's attorney testified as to his credentials, his fee schedule, and the time he spent representing the father. Rice and Farmers presented no evidence. The court found the amount of fees requested, $36,082.72, was unreasonable, and awarded the father $10,000. The court denied the father's motion to reconsider, and the father appealed, seeking reversal of the trial court and an award of all fees incurred, including those incurred in perfecting this appeal. Rice and Farmers then cross-appealed.

■ If the court erred in sanctioning Rice and Farmers, the father's appeal would be moot. We will therefore address the cross-appeal first. The purpose of Supreme Court Rule 137 is to punish litigants who plead frivolous or false matters or bring suit without any basis in law. *In re Marriage of Sykes* (1992), 231 Ill. App. 3d 940, 946; see also *Hernandez v. Williams* (1994), 258 Ill. App. 3d 318.

The decision to impose sanctions is within the sound discretion of the trial court. (*Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 467.) In reviewing an imposition of sanctions, an appellate court considers whether "(1) the circuit court's decision was an informed one; (2) the decision was based on valid reasons that fit the case; and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case." *Liddle v. Cepeda* (1993), 251 Ill. App. 3d 892, 894.

■ Rice and Farmers assert that an investigation was conducted which revealed the son's driving record and the father's financial position. In imposing sanctions, the court had before it evidence that (1) Rice never discussed the negligent entrustment count with plaintiff, a key witness; (2) plaintiff, the subrogor, knew of no facts supportive of the claim; (3) Rice based the claim solely on the son's four moving violations, none of which had occurred within 14 months of the incident and none of which involved injury; and (4) Rice's inquiry into the father's financial position bore no relevance to whether he had negligently entrusted the vehicle.

Rule 137 obliges counsel to make a *reasonable* inquiry into the facts supporting a legal claim before pleadings are filed. (*Liddle*, 251

Ill. App. 3d at 895.) Rice signed the pleading, and by his signature asserted that the claim had been reasonably investigated and was based in fact. (155 Ill. 2d R. 137.) We agree with the trial court that the investigation conducted was not reasonable. It was incomplete and largely irrelevant to an allegation of negligent entrustment. The allegation was therefore baseless. (See *Williams*, 258 Ill. App. 3d 318.) Thus, the decision to impose sanctions under these circumstances does not constitute an abuse of discretion.

■ Next, we consider the trial court's decision to sanction Rice and Farmers in the lump sum of $10,000, rather than in the undisputed amount of the father's attorney fees, $36,082.72. Rule 137 provides that a sanction may include an order to pay the amount of reasonable expenses incurred by the other party because of the filing of the pleading. (155 Ill. 2d R. 137; *Liddle*, 251 Ill. App. 3d at 896.) The trial court found that $36,082.72 was not reasonable, because (1) the father could have avoided some of the expense by utilizing the attorney selected by his insurance company, instead of retaining independent counsel; (2) several time slips were not sufficiently explanatory; and (3) some of the time expended did not inure to the benefit of the father. The court's reasoning is faulty in several respects.

First, the court erred in reducing the sanction awarded on the basis that the father could have avoided incurring such costs by utilizing his insurer's attorney. Which attorney the father chose to represent him is irrelevant to how much expense he actually incurred as a result of the false pleading. Absent any evidence, the trial court speculated that the insurer's counsel could have or would have represented the father. We find no authority to support a reduction of the sanction on the basis of a party's decision to retain independent counsel. Thus, the trial court abused its discretion in reducing the amount of fees awarded on this basis.

Next, the court's finding that certain time slips were not sufficiently explanatory is itself insufficiently explanatory for review, in that no specific time slip is mentioned. We note, however, that Rice and Farmers did not contest any time slips. We note also that counsel is not required to record how each minute of time was expended, but should identify the general subject matter involved in the time expenditure. (*Hensley v. Eckerhart* (1983), 461 U.S. 424, 437 n.12, 76 L. Ed. 2d 40, 53 n.12, 103 S. Ct. 1933, 1941 n.12.) We reviewed the time slips accompanying the record and could find none that was not in compliance with the standards of *Hensley*. Thus, the trial court abused its discretion in reducing the sanction on the basis of insufficiently explanatory time slips.

Finally, the record does not support the trial court's finding that some of the time expended did not inure to the father's benefit. All of the father's legal expenses in this matter were actually incurred as a result of the untrue pleading, because but for that pleading, the father would not have been involved in the lawsuit. (*Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 23.) Although these motions did not benefit him, they were filed as a result of the false pleading. Thus, the court erred in reducing the award based on time expended on motions the father lost. Because the trial court erred in calculating the awarded expenses, we remand for a new hearing for the calculation of the total expenses actually incurred by the father as a result of the false pleading.

■ Next, the father contends that the trial court erred in denying his emergency motion to reopen the proofs, in failing to make explicit findings with respect to its calculation of the awarded expenses, and in not awarding interest on the claim for sanctions. Because we remand for a new hearing based on the erroneous calculation, we do not reach these issues.

In summary, we affirm the trial court's imposition of sanctions against Rice and Farmers for their failure to conduct a reasonable investigation prior to filing a signed pleading and for filing a factually unsupported claim. We reverse the court's award of $10,000 in fees and remand for a new hearing for the calculation of the father's total expenses actually incurred as a result of the false pleading.

Affirmed in part; reversed in part and remanded.

McLAREN and GEIGER, JJ., concur.