NOTICE

Decision filed 08/03/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210171-U

NO. 5-21-0171

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| FREDERICK PEET, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 17-L-731 |
| | ) | |
| CHRISTOPHER R. GREEN, | ) | Honorable |
| | ) | Christopher T. Kolker, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's order finding plaintiff and counsel in violation of Rule 137. However, we vacate the court's order and remand where the court abused its discretion in imposing sanctions.

¶ 2    After conducting a hearing, the circuit court of St. Clair County imposed sanctions of $3500 against plaintiff, Frederick Peet, and plaintiff's counsel, Larry Bagsby (Attorney Bagsby), for violations of Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018)). On appeal, defendant, Christopher R. Green, argues that the court abused its discretion by failing to hear, consider, and include over $76,000 in attorney fees, costs, and expenses that defendant incurred during 3½ years of litigation prior to this appeal. As such, defendant asserts that the court's imposition of $3500 in sanctions does not serve to compensate or reimburse defendant, punish plaintiff, or deter future frivolous and vexatious lawsuits. We agree with defendant.

1

¶ 3                                    I. Background

¶ 4      Given the extensive history of prior litigation, we recite only those facts necessary for an understanding of the case and resolution of the issues on appeal.

¶ 5      On December 8, 2017, plaintiff filed a complaint against defendant, alleging that defendant alienated the affections (740 ILCS 5/1 *et seq.* (West 2012) (repealed by Pub. Act 99-90, § 1-15 (eff. Jan. 1, 2016))) of plaintiff's wife, Rita Peet (Rita), resulting in their pending divorce. Specifically, plaintiff claimed that defendant, a physician, and Rita, a medical technologist, were employed at Alton Memorial Hospital in Alton, Illinois, when defendant sexually pursued Rita in January 2014. According to plaintiff, Rita rejected defendant's advancements and reported such behavior to coworkers; however, she "relented to Defendant's persistent pursuits of her" in May 2015. Plaintiff asserted that he learned of defendant's pursuit of Rita from Trang Ha (Helen), defendant's then-wife, in August of 2017. Plaintiff claimed he maintained a marital residence in the City of Belleville, Illinois, St. Clair County, at all relevant times and sought actual damages from the loss of his wife's marital contributions, which allegedly totaled approximately $85,000 annually.

¶ 6      On January 9, 2018, defendant, a Missouri resident, filed a petition for removal to federal district court. In response, plaintiff filed a motion to remand for lack of complete diversity and attached an affidavit, attesting that he was a citizen and resident of Missouri for the past 31 years. Plaintiff also attested that he owned three residences, including a home in Lake of the Ozarks, Missouri; his permanent residence in Franklin County, Missouri; and a residence in St. Clair County, Illinois, where Rita resided. Plaintiff specifically stated, "I am not a resident or citizen of the State of Illinois." Shortly thereafter, the federal district court entered a

memorandum and order granting plaintiff's motion to remand. *Peet v. Green*, 2018 WL 1790694 (S.D. Ill. 2018).[1]

¶ 7      On June 15, 2018, following a request for extension of time to file responsive pleadings, defendant filed a motion to dismiss with prejudice pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2016)). Defendant argued that plaintiff failed to state a claim upon which relief could be granted because plaintiff's cause of action centered on the alienation of affections statute, which was abolished on January 1, 2016. 740 ILCS 5/1 *et seq.* (West 2012) (repealed by Pub. Act 99-90, § 1-15 (eff. Jan. 1, 2016)). Alternatively, defendant argued Missouri law applied, thus, plaintiff's complaint was frivolous, where the alienation of affections statute was abolished on June 17, 2003, in Missouri.

¶ 8      On July 24, 2019, following several continuances and discovery depositions, plaintiff filed a motion for leave to file a first amended complaint to add Protestant Memorial Medical Center (PMMC), a registered Illinois corporation that owned and operated three hospitals in St. Clair and Madison Counties, as a second party defendant. Specifically, plaintiff claimed PMMC's liability arose from the same facts as defendant.

¶ 9      On July 24, 2019, plaintiff filed his first amended complaint alleging alienation of affections against defendant (count I) and negligent supervision and retention against PMMC (count II). In count I, plaintiff stated that he maintained two residences at all times—one residence in Belleville, Illinois, and a second residence in Missouri, where he was self-employed as a physician. Plaintiff claimed actual damages from the loss of his wife's marital contributions, totaling approximately $85,000 annually. Importantly, plaintiff stated in a footnote that, although the Illinois legislature repealed the alienation of affections statute, effective January 1, 2016, the

---

[1]The federal court determined it lacked subject matter jurisdiction after finding that plaintiff's domicile, or citizenship, remained in Missouri.

3

legislature "preserved intact claims under the Act which existed prior to this appeal." Plaintiff maintained that the statute of limitations was triggered when he learned of defendant's pursuits of Rita in July of 2017. In count II, plaintiff alleged PMMC negligently supervised and retained defendant as a salaried employee physician at Alton Memorial Hospital, despite knowledge of defendant's sexual addiction and pursuits of Rita and multiple other married women. In support, defendant claimed BJC Healthcare promptly investigated and then terminated defendant after it acquired Alton Memorial Hospital from PMMC. Accordingly, plaintiff argued he was entitled to actual damages in the amount of $85,000 in addition to other fees and expenses.

¶ 10    Following a hearing on August 15, 2019, the circuit court, without objection by defendant, "deemed filed" plaintiff's first amended complaint.

¶ 11    On October 17, 2019, defendant filed a motion for leave to file a motion to dismiss plaintiff's first amended complaint pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2016)). Defendant asserted the same arguments written in the June 15, 2018, motion to dismiss.

¶ 12    On October 28, 2019, PMMC filed a motion to dismiss plaintiff's first amended complaint pursuant to sections 2-615 and 2-619 of the Code (*id.*) and a supporting memorandum. In support of its motion to dismiss, PMMC argued it was not liable for failing to retain or supervise defendant because defendant was not an employee. PMMC requested costs and other sanctions for plaintiff's frivolous filing of the first amended complaint.

¶ 13    On November 19, 2019, plaintiff filed a motion for leave to file a second amended complaint to clarify the significance of PMMC's and defendant's relationship. The next day, plaintiff filed his proposed second amended complaint. Specific to the relationship between

4

PMMC and defendant, the amended complaint modified the relationship to one of tenancy on the claim of negligence.

¶ 14    On November 27, 2019, following a hearing on November 25, 2019, the circuit court granted defendant's and PMMC's motions to dismiss, stating: "The Court finds Defendants' arguments sound." The court also granted plaintiff's motion to amend and "allowed" plaintiff's second amended complaint.

¶ 15    On December 6, 2019, defendant filed a motion to dismiss plaintiff's second amended complaint pursuant to sections 2-615 and 2-619 of the Code (*id.*). Defendant raised the same legal arguments from the previously granted motion to dismiss because plaintiff's second amended complaint made the same allegations against defendant. Shortly thereafter, PMMC filed a motion to dismiss plaintiff's second amended complaint pursuant to sections 2-615 and 2-619 of the Code (*id.*) and a supporting memorandum.

¶ 16    On December 10, 2019, following a hearing on all pending motions, the circuit court granted defendant's and PMMC's motions to dismiss. At the hearing, the court stated that it "gave plaintiff a chance to replead" his case but "I don't see how you can be successful in the case," given the law and alleged facts. Accordingly, the court dismissed plaintiff's second amended complaint with prejudice.

¶ 17    On January 9, 2020, defendant filed a motion for sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018), claiming plaintiff and Attorney Bagsby filed three frivolous complaints to vex, harass, and embarrass defendant. Defendant argued that the complaints were patently frivolous and antithetical to Illinois law, where the alienation of affections statute was repealed and abolished on January 1, 2016, well before plaintiff filed his initial complaint on December 8, 2017. Additionally, plaintiff's sworn statements established that the alleged claim

5

and resulting financial harm accrued in July 2017, which was 18 months after the alienation of affections statute was abolished. Moreover, defendant argued plaintiff and Attorney Bagsby engaged in deceitful practices to disguise plaintiff's place of residence. Defendant requested the circuit court issue sanctions against both plaintiff and Attorney Bagsby, including the payment of defendant's attorney fees, punitive damages, and costs.

¶ 18    On March 12, 2021, plaintiff filed a motion to strike defendant's motion for sanctions pursuant to Local Rule 6.01(G) of the Twentieth Judicial Circuit (20th Judicial Cir. Ct. R. 6.01(G) (Dec. 12, 1991)) and Illinois Supreme Court Rule 274 (eff. July 1, 2019). Specific to Local Rule 6.01(G), plaintiff argued defendant failed to schedule a notice hearing following the filing of the motion for sanctions on January 9, 2020, as required by law. *Id.* Plaintiff also argued that Rule 274 did not expressly and clearly extend the circuit court's jurisdiction to entertain a motion for sanctions under Rule 137.

¶ 19    On March 17, 2021, the circuit court heard argument on defendant's motion for Rule 137 sanctions. Defendant's counsel, Bryan Schrempf (Attorney Schrempf), argued that Attorney Bagsby's cause of action and continued reliance on the alienation of affections statute reflected a "complete lack of diligence to determine that the statute was abolished." Additionally, Attorney Schrempf argued that Attorney Bagsby failed to diligently research the "basic tenant of how accrual of an action might work" to preserve a cause from being barred by the statute of limitations. Attorney Schrempf argued that the alleged claim, which was used to vex and harass defendant, could not have accrued until July 17, 2017, which was well after the alienation of affections statute was repealed and abolished. In response, Attorney Bagsby contended that the cause of action was tolled under the concealment statute, which prevented accrual from all events occurring before the January 1, 2016, abolishment date. Attorney Bagsby also refuted that

he misrepresented plaintiff's residency, given that the "Federal Court was clear that he [plaintiff] had a marital residence in the state of Illinois, [and] he had a nonmarital residence in the state of Missouri."

¶ 20    Following argument by the parties, the circuit court granted defendant's motion for Rule 137 sanctions[2] and set the matter for hearing on the reasonableness of attorney fees. In granting defendant's motion, the court stated that plaintiff's case "clearly has no merit," where "a simple Google search would have shown at the beginning [that] the case never should have been filed." The court denied plaintiff's motion to strike defendant's motion for sanctions.

¶ 21    On March 25, 2021, Attorney Schrempf filed an affidavit attesting that he performed 178.4 hours of work, totaling $62,000.47 in fees, costs, and expenses, for defendant from December 8, 2017, to March 25, 2021. The affidavit did not include specific dates and times of services; however, it detailed Attorney Schrempf's hourly rate and the hourly rates of his associates, paralegal, and law clerk, with a list of tasks performed during the above-mentioned time frame. In addition, Attorney David Cates, who also represented defendant, filed an affidavit confirming that he performed 17 hours of work, totaling $3807.50, for defendant from May 15, 2018, to March 24, 2021.

¶ 22    On April 12, 2021, plaintiff filed "Responses and Objections to Defendant Green's Submissions for Attorney's Fees Pursuant to Rule 137," claiming that Attorneys Schrempf and Cates failed to timely provide Attorney Bagsby with their affidavits. Additionally, Attorney Bagsby argued that defendant failed to include timeslips, thus, the circuit court was unable to determine "the amount of time which was spent on unsuccessful, unnecessary[,] and improper motions, and whether the refiling of the same two (2) motions in this case (motions to dismiss

_____

[2]The circuit court filed its written order on April 16, 2021, with the imposition of monetary sanctions against plaintiff and Attorney Bagsby.

and motions for sanctions), filed four (4) different times, has been multiped each time." Moreover, plaintiff objected to defendant's request for fees for (1) removing the case to federal court, (2) refiling the same motion to dismiss and motion for sanctions four different times, (3) researching unrelated Missouri litigation, and (4) claiming punitive damages in the motions for sanctions.

¶ 23 On April 13, 2021, the circuit court held a hearing regarding attorney fees. Attorneys Chad Mooney, on Attorney Cates's behalf, and Bagsby were present. Attorney Schrempf was not present. At the onset of the hearing, the court stated:

> "I have read the proposed order. I have read the response. *** I will tell you I think Mr. Bagsby makes some good points. I will also say when first sanction orders historically go out in our courthouse the first one isn't over $90,000.00. It just isn't. That's not how we do things. It's generally under $5000.00.
>
> Now, if I entered a sanction order and then the same thing happened again then we move up historically to increase maybe what an order may be for sanctions. But it's just never—never been that way unless it's something absolutely much more treacherous than what happened in this case. *** But—traditionally we don't set about trying to bankrupt people or things of that nature and *** the way the billing was set forth[;] I have issues with that as well."

The court asked Attorney Mooney if he wished to argue for an increased award above $5000. Attorney Mooney responded that he was present "to simply proceed with our motion for fees. I'm not prepared to argue a motion for sanctions." Directing its attention to Attorney Bagsby, the court indicated that it thought his filed "response actually pointed out a lot of issues I had with it as well."

8

¶ 24    The circuit court, in agreement with Attorneys Mooney and Bagsby, determined that defendant incurred at least $3500 in legal fees as a result of plaintiff's frivolous action. The court proceeded to state the following:

> "Again, just so the record is clear, I just don't think what happened in this case warrants *** some action as high as a punitive of 90 some thousand dollars *** I mean, I'd like to say when I was a lawyer I think I once got maybe 75 thousand in sanctions for an insurance company that forged documents and hid documents from me, but it was also their sixth time they did it. So ***."

The court subsequently imposed Rule 137 sanctions against plaintiff and Attorney Bagsby for the amount of $3500.

¶ 25    On April 14, 2021, Attorney Schrempf filed a second affidavit in support of attorney fees, including corrections and additions, and attached a document, labeled Exhibit A. Exhibit A was a two-page document with six columns, including the biller of services, the period time the task was performed, the specific task, the number of hours for said task, the rate billed for each biller, and the amount billed in total for each task. Attorney Schrempf claimed defendant incurred the sum of $72,349.64 for all fees, costs, and expenses.

¶ 26    On April 16, 2021, the circuit court entered an order granting defendant's motion for sanctions and imposing monetary sanctions of $3500 in reasonable attorney fees. In awarding sanctions, the court divided the order into three "parts." Under part I, the court reasoned that sanctioning plaintiff and Attorney Bagsby $3500 was appropriate, where Attorney Bagsby "either conducted no inquiry whatsoever or chose to file the First Verified Complaint anyway despite being aware" that the alienation of affections statute was legislatively abolished. The court indicated that plaintiff's second and third verified complaints included a footnote

recognizing that the alienation of affections statute was repealed on January 1, 2016, " 'but preserved intact claims which existed prior to this repeal.' " Notably, this information was not included in the first verified complaint filed on December 8, 2017. Thus, according to the court, Attorney Bagsby failed to dismiss the lawsuit once it became evident that plaintiff's case was unfounded.

¶ 27     Under part II, the circuit court determined plaintiff misled the court about his state of residence. Specifically, plaintiff alleged in the first verified complaint that he "at all times relevant herein maintained a marital residence in the City of Belleville, Illinois, St. Clair County, State of Illinois." After defendant removed the action to federal court, plaintiff filed a motion to remand and an affidavit, where plaintiff attested that he was a citizen and resident of Missouri for the past 31 years. Plaintiff also stated: "I am not a resident or citizen of the State of Illinois." Shortly thereafter, plaintiff filed a first amended complaint stating that he maintained a marital residence in Belleville, Illinois, and a nonmarital residence in Missouri, where he was self-employed as a physician. Accordingly, the court concluded that plaintiff's allegations regarding his residency were falsely made or at least made without reasonable inquiry.

¶ 28     Finally, in part III, the circuit court determined that plaintiff initiated and maintained the lawsuit against defendant to "vex, harass, embarrass, defame and/or needlessly cause Defendant to incur the costs of litigation." Based on the above reasoning, the court found plaintiff and Attorney Bagsby jointly and severally liable for $3500 to defendant for reasonable attorney fees.

¶ 29     On April 27, 2021, defendant filed a motion for reconsideration of the circuit court's April 16, 2021, order. Attorney Schrempf argued that the attorneys agreed to a continuance of the April 13, 2021, hearing. In support of this claim, Attorney Schrempf attached Exhibit 1, which demonstrated that his paralegal, Tara Pickett, confirmed with him, Attorney Cates, and

10

Attorney Bagsby via email that the clerk of the court agreed to a continuance "as long as everyone [is] in agreement with moving it. I have to prepare a new notice of hearing." Attorney Schrempf responded to his paralegal's email, stating: "Thanks. For the 21st?" With the belief that the hearing was continued, Attorneys Schrempf and Cates did not appear. At the last minute, however, Attorney Cates asked Attorney Mooney to appear for him. The motion explained that defendant hired Attorney Cates for trial matters, totaling $3807.50 in fees, although the vast majority of defendant's attorney fees, costs, and expenses were incurred by Attorney Schrempf's services. Thus, Attorney Schrempf contended that the court's award was "far too little," where it failed to reflect the severity of plaintiff's and Attorney Bagsby's sanctionable conduct over the course of 3½ years.

¶ 30    Attorney Schrempf attached two affidavits to the motion, including his affidavit attesting to the above information and an affidavit of his paralegal, Tara Pickett. Ms. Pickett attested that she prepared a notice of hearing for April 21, 2021, and then electronically filed the document at 10:44 a.m. on April 13, 2021. After she learned that the circuit court held the April 13, 2021, hearing, Ms. Pickett contacted the clerk of the court. According to Ms. Pickett, the clerk " 'recall[ed] our conversation about the case being continued but that neither attorney spoke up during the hearing about a continuance and it slipped her mind.' "

¶ 31    On May 11, 2021, Attorney Schrempf filed a third affidavit in support of attorney fees with Exhibit A attached. Attorney Schrempf included 40 additional hours of work that he performed on defendant's behalf.

¶ 32    On May 18, 2021, the circuit court held a hearing on defendant's motion for reconsideration. Following argument by Attorney Schrempf, the court denied the motion, stating "I'm not a fan of this case. I have said that from day one." Despite this, the court stated, "I don't

11

think Mr. Bagsby is ever going to do something like this again." The following colloquy took place between the court and Attorney Schrempf:

> "MR. SCHREMPF: And if I may, Your Honor, I just wanted to clarify whether *** So, again, I do apologize to the Court for my failure to appear on April 13th. I just want to clarify whether that is—whether that is influencing the amount awarded.
>
> THE COURT: I'm not going to get into a query of me. Thankfully I typically don't have to do that unless I get pulled over for speeding. So—but I appreciate your efforts."

¶ 33    On June 15, 2021, plaintiff filed a timely notice of appeal.

¶ 34                                    II. Analysis

¶ 35    The central issue for our consideration is whether the circuit court abused its discretion in imposing $3500 for Rule 137 sanctions against plaintiff and Attorney Bagsby. Specifically, defendant argues the amount imposed was unreasonable and incompatible with the purpose of Rule 137, where plaintiff's litigation was frivolous, vexatious, and initiated to harass defendant.

¶ 36    In response, plaintiff argues that the circuit court did not abuse its discretion in limiting sanctions because defendant failed to produce evidence to warrant a larger award of sanctions, where the court "simply had none of the evidence which long established case law required Appellant's counsel to present." In support of this argument, plaintiff asserts that there were no timeslips to determine how much time was spent on each legal task. Similar to plaintiff's response and objection, which the court referenced at the hearing on the reasonableness of the fees, plaintiff contends that the monetary sanctions were reasonable because Attorney Schrempf spent time researching unrelated litigation regarding Missouri law and engaged in "unsuccessful and unnecessary motion practice," including removing the case to federal court, refiling the same motion to dismiss and motion for sanctions four different times, and claiming punitive damages in the motions for sanctions. We disagree with plaintiff.

12

¶ 37    Illinois Supreme Court Rule 137 permits a court "to impose sanctions against a party or counsel who files a pleading or motion that is not well grounded in fact, is not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, or is interposed for any improper purpose." *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 43. "The purpose of Rule 137 is to prevent the filing of false and frivolous lawsuits." *Yunker v. Farmers Automobile Management Corp.*, 404 Ill. App. 3d 816, 824 (2010) (citing *Peterson v. Randhava,* 313 Ill. App. 3d 1, 7 (2000)). Importantly, however, the purpose is not to punish litigants and their attorneys simply because they have been unsuccessful in the litigation. *Burrows v. Pick*, 306 Ill. App. 3d 1048, 1051 (1999) (citing *Espevik v. Kaye*, 277 Ill. App. 3d 689, 697 (1996)).

¶ 38    A party may recover fees under Rule 137 that were incurred because of a sanctionable pleading. Ill. S. Ct. R. 137 (eff. Jan. 1, 2018). Because Rule 137 is penal in nature, its provisions must be strictly construed. *In re Marriage of Sykes*, 231 Ill. App. 3d 940, 946 (1992) (citing *Lewy v. Koeckritz International, Inc.*, 211 Ill. App. 3d 330, 334 (1991)). With that said, a court is not required to review each and every reimbursable component of an award of attorney fees that are imposed as a sanction against a party filing a frivolous lawsuit. *Father & Sons Home Improvement II, Inc. v. Stuart*, 2016 IL App (1st) 143666, ¶ 68 (citing *Riverdale Bank v. Papastratakos*, 266 Ill. App. 3d 31, 43 (1994) ("The isolated focus on each reimbursable component part of preparation and trial is not necessary where false allegations made without reasonable cause are determined to be the cornerstone of the entire baseless lawsuit.")). Recoverable fees under Rule 137 include those incurred in pursuit of unsuccessful motions (*Ashley v. Scott*, 266 Ill. App. 3d 302, 307 (1994)) and those incurred in prosecuting a motion for sanctions (*Bosch Die Casting Co. v. Lunt Manufacturing Co.*, 236 Ill. App. 3d 18, 33 (1992)).

"Fees are recoverable under Rule 137 even where they are 'lumped,' and even for unaccounted-for time entries." *Robertson v. Calcagno*, 333 Ill. App. 3d 1022, 1028-29 (2002) (quoting *Riverdale Bank*, 266 Ill. App. 3d 31). " 'Counsel is not required to record how each minute of time was expended but should identify the general subject matter involved in the time expenditure.' " *Id.* at 1029 (quoting *Ashley*, 266 Ill. App. 3d at 306).

¶ 39    In considering the award of reasonable attorney fees, the circuit court should consider a variety of factors, including "the skill and standing of the attorney employed, the nature of the case, the novelty and difficulty of the issues involved, the degree of responsibility required, the usual and customary charge for the same or similar services in the community, and whether there is a reasonable connection between the fees charged and the litigation." *Olsen v. Staniak*, 260 Ill. App. 3d 856, 865-66 (1994). "The determination as to what constitutes reasonable compensation is a matter of peculiarly within the discretion of the trial court." *Chicago Title & Trust Co. v. Chicago Title & Trust Co.*, 248 Ill. App. 3d 1065, 1072 (1993). A court of review may not reverse the trial court's award of fees merely because it may have reached a different conclusion. *Id.* at 1073.

¶ 40    In the present case, the circuit court found plaintiff in violation of Rule 137 after determining that the case "clearly has no merit" where "a simple Google search would have shown at the beginning [that] the case never should have been filed." Shortly thereafter, the court conducted a hearing on the reasonableness of the fees requested and reviewed the affidavits associated with the requested fees. In addressing the affidavits, the court stated: "I will also say when first sanction orders historically go out in our courthouse[,] the first one isn't over $90,000.00. It just isn't. That's not how we do things. It's generally under $5000.00."

14

¶ 41    As provided above, Attorneys Schrempf and Cates were not present for the April 13, 2021, hearing on the reasonableness of the fees. As such, the court did not cross-examine either attorney regarding their fee entries and it is unclear what factors, if any, the court considered in making this determination. See *Olsen*, 260 Ill. App. 3d at 865-66 (factors including "the skill and standing of the attorney employed, the nature of the case, the novelty and difficulty of the issues involved, the degree of responsibility required, the usual and customary charge for the same or similar services in the community, and whether there is a reasonable connection between the fees charged and the litigation"). Despite this, the record indicates that the court determined the fees were unreasonable, where it said at the onset of the hearing: "That's not how we do things. [Sanctions are] generally under $5000.00."

¶ 42    Before the hearing on the reasonableness of fees, Attorney Schrempf filed a first affidavit attesting that he performed 178.4 hours of legal work for defendant from December 8, 2017, to March 25, 2021, totaling $62,000.47 in fees, costs, and expenses. Attorney Schrempf's affidavit did not include specific dates and times, but it detailed his hourly rate and the hourly rates of his associates, paralegal, and law clerk, with a list of 21 tasks performed in furtherance of defendant's case. Moreover, after the hearing on the reasonableness of fees and before the circuit court's April 16, 2021, order was entered, Attorney Schrempf filed a second affidavit in support of attorney fees, including corrections and additions, and also attached Exhibit A, which listed fees, costs, and expenses totaling $72,349.64. Specifically, the exhibit listed six columns, including the biller of services, the time period the task was performed, the specific task, the number of hours for said task, the rate billed by each designated biller, and the amount billed in total for each task.

15

¶ 43    Based on a detail review of the affidavits of Attorney Schrempf, we cannot conclude that the circuit court's award is compatible with the purpose of Rule 137, which is to prevent the filing of false and frivolous lawsuits. See *Yunker*, 404 Ill. App. 3d at 824. To rule otherwise in the instant case would deny defendant the ability to recover fees for those incurred in pursuing motions, even if unsuccessful, and in prosecuting a motion for sanctions for sanctionable conduct. See *Ashley*, 266 Ill. App. 3d at 307; see also *Bosch Die Casting Co.*, 236 Ill. App. 3d 1at 33.

¶ 44    Additionally, despite plaintiff's assertion that defendant failed to produce the necessary evidence for the circuit court to award a larger award of sanctions, the record includes three affidavits (the third affidavit filed before the hearing on defendant's motion for reconsideration), detailing the time expended and the general subject matter involved in a case, as noted by the circuit court, that was meritless from the onset of litigation. See *Ashley*, 266 Ill. App. 3d at 306. Importantly, as stated by the *Riverdale* court, an "isolated focus on each reimbursable component part of preparation and trial is not necessary where false allegations made without reasonable cause are determined to be the cornerstone of the entire baseless lawsuit." 266 Ill. App. 3d at 43. An isolated focus is not necessary here because the fees and costs claimed were incurred because of plaintiff's filing of a meritless case, in which the court stated that "a simple Google search would have shown at the beginning [that] the case never should have been filed." Plaintiff's pleading was not warranted by existing law. Without plaintiff's initial filing and the continuation of unsound litigation for over 3½ years, defendant would not have incurred over $76,000 in legal fees. Thus, the court's award does not compensate defendant for the time spent defending against, what the court described as, a case that "clearly has no merit."

¶ 45 Accordingly, in finding that the circuit court abused its discretion, we vacate the court's $3500 award of sanctions and remand with directions for the court to determine the reasonable amount of attorney fees to award as sanctions compatible with the evidence presented.

¶ 46                                  III. Conclusion

¶ 47 For the foregoing reasons, we affirm the circuit court's order finding plaintiff and Attorney Bagsby in violation of Rule 137. However, we vacate the court's $3500 award and remand the cause to the court for a determination as to the reasonable amount of attorney fees to award as sanctions.

¶ 48 Affirmed in part and vacated in part; cause remanded with directions.