2025 IL App (2d) 250071-U
No. 2-25-0071
Order filed November 18, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BRADLEY WALTERS, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 24-MR-219 |
| | ) | |
| McHENRY COUNTY SHERIFF'S OFFICE, | ) | Honorable |
| | ) | Joel D. Berg, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Mullen concurred in the judgment.

**ORDER**

¶ 1     *Held*: (1) Plaintiff's appeal from the dismissal of his complaint under the Freedom of Information Act (FOIA) was not moot because (a) although plaintiff received the requested documents since filing his complaint, he did not receive them from defendant sheriff's office but from another source and (b) plaintiff requested, as relief, not only production of the requested documents but also a civil penalty. (2) Defendant complied with FOIA; contrary to plaintiff's interpretation of the statute, he was not entitled to 50 pages free of charge for each of his six separate requests (which he bundled in one envelope); rather, as a "requester," he was entitled simply to 50 pages free of charge.

¶ 2     *Pro se* plaintiff, Bradley Walters, filed a complaint against defendant, the McHenry County Sheriff's Office, alleging that defendant violated the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2022)) by charging plaintiff fees for copies of certain requested

documents. The trial court granted defendant's motion to dismiss the complaint under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)) for failure to state a claim. Plaintiff timely appeals. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff's complaint alleged that, on August 9, 2024, he submitted to defendant "six FOIA request[s] on six separate peices [*sic*] of paper." Each request sought a copy of a Department of Corrections (DOC) inspection report for a different year—2016, 2017, 2018, 2019, 2023, and 2024. Defendant responded to the six requests by letter dated August 21, 2024. Defendant provided plaintiff with "50 pages total," which comprised only two of the requested reports. Defendant requested that plaintiff pay a fee of $0.15 per page for "the 113 remaining pages." Plaintiff claimed that, under section 6(b) of FOIA (5 ILCS 140/6(b) (West 2022)), he should have received the first 50 pages, free of charge, of each separately requested record. Thus, he alleged that defendant violated FOIA by refusing to provide plaintiff with all or part of the remaining documents without charge. Plaintiff asked the trial court to order defendant to provide the documents to plaintiff. In addition, he sought (1) $15,000 in compensatory damages, (2) $20,000 in nominal and punitive damages, (3) a $5,000 civil penalty against defendant for each unfulfilled request, and (4) costs incurred in the suit.

¶ 5      Defendant moved to dismiss the complaint under section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)). Defendant attached to its motion (1) plaintiff's six individual requests and (2) its August 21, 2024, letter, which provided defendant with "copies of the first 50 pages of responsive documents per [his] FOIA request" and requested $16.95 for the "additional 113 pages." Defendant contended that, under section 6(b) of FOIA (5 ILCS 140/6(b) (West 2022)), a public body may charge a fee of $0.15 per page for black-and-white copies exceeding 50 pages.

According to defendant, because plaintiff's requests were submitted together "in one envelope on the same date" and "sought similar documents," defendant "aggregated and combined [p]laintiff's six pages to promote administrative efficiency and to prevent the circumvention of FOIA's fee provisions." Defendant argued further that, although FOIA "provides specific remedies for noncompliance, such as injunctive relief and civil penalties for willful violations," FOIA "does not authorize compensatory or punitive damages."

¶ 6    In response, plaintiff argued generally that his requests were separate requests and that defendant did not have the authority to combine them. As "proof" that defendant willfully disregarded FOIA, plaintiff noted that "he has filed the exact same FOIA request in the exact same manner with [ ]DOC and has received these documents with no fee."

¶ 7    In reply, defendant argued that the matter was moot since plaintiff conceded that he now possessed the documents he sought.

¶ 8    A hearing took place on February 13, 2025. Following the parties' arguments, the trial court stated:

"[Plaintiff], you made a request. It was all in the same envelope. It's the same request. That means that after 50 pages it doesn't matter if your requests were on six different sheets of paper. *** It was one request all made at the same time in the same envelope. They are allowed to charge for anything beyond 50 pages."

Thus, the court granted defendant's motion and dismissed plaintiff's complaint with prejudice. The court did not consider whether the matter was moot.

¶ 9    This timely appeal followed.

¶ 10                                      II. ANALYSIS

¶ 11    Plaintiff contends that the trial court erred in granting defendant's motion to dismiss because he stated a claim that defendant violated FOIA.  According to plaintiff, because he filed six separate requests, section 6(b) of FOIA (5 ILCS 140/6(b) (West 2022)) entitled him to the first 50 pages, free of charge, for each separately requested document.  In response, defendant argues that the trial court properly determined that defendant's six requests constituted one request for purposes of section 6(b) and that, thus, plaintiff's claim that defendant violated FOIA by assessing fees fails as a matter of law.  Defendant argues further that the matter is moot because, as plaintiff conceded below, he obtained the requested documents from DOC.

¶ 12    A motion to dismiss under section 2-615 of the Code challenges the legal sufficiency of a complaint based on defects apparent on its face.  *Wilson v. County of Cook*, 2012 IL 112026, ¶ 14. The critical inquiry in reviewing a dismissal under section 2-615 is whether the allegations in the complaint, construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted.  *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 16.  In making this determination, the court accepts as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts.  *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006).  This court reviews *de novo* a trial court order granting a section 2-615 motion.  *Northwestern Illinois Area Agency on Aging v. Basta*, 2022 IL App (2d) 210234, ¶ 33.  We may affirm the judgment on any grounds apparent in the record, regardless of the court's reasoning.  *iMotorsports, Inc. v. Vanderhall Motor Works, Inc.*, 2022 IL App (2d) 210785, ¶ 13.

¶ 13    To the extent our review requires us to interpret relevant provisions of a statute, we do so *de novo*.  See *Thomas v. Weatherguard Construction Company, Inc.*, 2018 IL App (1st) 171238, ¶ 63.  The plain language of a statute is the best indicator of the legislature's intent.  *Lee v. John*

*Deere Insurance Co.*, 208 Ill. 2d 38, 43 (2003). When that language is clear, it will be given effect without resort to other aids of statutory construction. *Id.*

¶ 14 Before reaching the issue, we first address defendant's claim that the matter is moot. "Because the existence of an actual controversy is a prerequisite for appellate jurisdiction, reviewing courts generally will not decide matters that are abstract, hypothetical, or moot." *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 38. "An issue is moot where an actual controversy no longer exists between the parties, or where events have occurred that make it impossible for the court to grant effective relief." *Id.* Defendant argues that, here, because plaintiff conceded below that he had received the requested documents from DOC, the matter is moot.

¶ 15 In support, defendant cites *Turner v. Joliet Police Department*, 2019 IL App (3d) 170819, ¶ 12, claiming that it stands for the proposition that "[o]nce disclosure occurs—regardless of source—there is no longer a live controversy for the court to resolve." Defendant's reliance on *Turner* is misplaced. In *Turner*, the plaintiff submitted a FOIA request to the defendant, seeking criminal records "concerning him or relating to his February 2017 arrest." *Id.* ¶ 3. The defendant provided the plaintiff with redacted portions of the records, claiming FOIA exemptions. *Id.* The plaintiff filed a complaint against the defendant under FOIA, claiming the redactions did not comply with FOIA. *Id.* ¶ 4. The defendant submitted the unredacted records to the trial court, which viewed them *in camera* and determined that the claimed exemptions applied. *Id.* ¶¶ 5, 22. The trial court dismissed the plaintiff's complaint. *Id.* ¶ 5. The plaintiff filed his notice of appeal. *Id.* Subsequently, the criminal proceedings related to the February 2017 arrest were concluded, and the defendant released the unredacted records to the plaintiff after determining that the claimed exemptions no longer applied. *Id.* ¶¶ 3, 6, 22. The reviewing court agreed with the defendant that

the issue was moot because the defendant had supplied the requested documents. *Id.* ¶ 13. Since the documents in *Turner* were produced by the agency from which they were requested, *Turner* does not stand for the proposition that a FOIA action becomes moot simply once disclosure occurs, "regardless of [the] source." Here, unlike in *Turner*, plaintiff received the documents not from *defendant* but from another source.

¶ 16 Moreover, even if plaintiff's prayer for production could be deemed moot, he sought, among other things, a civil penalty. See 5 ILCS 140/11(j) (West 2022) ("If the court determines that a public body willfully and intentionally failed to comply with this Act, or otherwise acted in bad faith, the court shall also impose upon the public body a civil penalty of not less than $2,500 nor more than $5,000 for each occurrence."). Thus, his claim would survive. See *Roxana Community Unit School District No. 1 v. Environmental Protection Agency*, 2013 IL App (4th) 120825, ¶ 42 (declining to find the plaintiffs' FOIA claim moot because, although the plaintiffs eventually received the requested records, the plaintiffs' claims for attorney fees and a civil penalty would survive).

¶ 17 We turn to the merits. At issue here is section 6(b) of FOIA (5 ILCS 140/6(b) (West 2022)), titled "[a]uthority to charge fees," which provides, in pertinent part:

> "(b) Except when a fee is otherwise fixed by statute, each public body may charge fees reasonably calculated to reimburse its actual cost for reproducing and certifying public records ***. No fees shall be charged for the first 50 pages of black and white, letter or legal sized copies requested by a requester. The fee for black and white, letter or legal sized copies shall not exceed 15 cents per page. *** In calculating its actual cost for reproducing records or for the use of the equipment of the public body to reproduce records,

a public body shall not include the costs of any search for and review of the records or other personnel costs associated with reproducing the records[.] ***."[1]

¶ 18 Plaintiff's position is that he is entitled to the first 50 pages, free of charge, of each separately requested public record. Thus, under his interpretation of the statute, because he requested six distinct records using six separate pieces of paper, each request constituted a single public record request, despite being submitted in a single envelope. Defendant seemingly accepts plaintiff's interpretation that individual pieces of paper can constitute distinct requests, but contends that it had the authority to aggregate them into a single request. The trial court also seemingly adopted defendant's position, noting further that it did not "matter if [the] requests were on six different sheets of paper" because the requests were "made at the same time in the same envelope." We agree the complaint should be dismissed, but for a different reason.

¶ 19 The plain language of the statute makes clear that "[n]o fees shall be charged for *the first 50 pages* of black and white, letter or legal sized copies *requested by a requester*." (Emphases added.) *Id.* Neither defendant nor the trial court has noted this language. (Indeed, as we pointed out, defendant incorrectly quoted the statute in its brief and, in doing so, failed to include this language.) In any event, contrary to plaintiff's position, the statute does not provide that no fees shall be charged for the first 50 pages of each distinct request; rather, it provides that "[n]o fees

---

[1]Defendant's brief purports to quote section 6(b) of FOIA "in relevant part:"

" 'Each public body may charge fees reasonably calculated to reimburse its actual cost for reproducing and certifying public records… The first 50 pages of black and white, letter or legal-sized copes shall be provided free of charge. Thereafter, the fee for black and white copies shall not exceed 15 cents per page.' " (Emphases omitted.)

This is not an accurate quote.

shall be charged for the first 50 pages *** *requested by a requester*." (Emphasis added.) *Id.* Thus, whether plaintiff's requests were technically separate and distinct requests for different public records is of no consequence, because it is plaintiff's status as a single *requester* that controls. Under the plain language of the statute, plaintiff—the "requester"—was entitled to "the first 50 pages *** requested" from defendant—the "public body"—free of charge. *Id.* Defendant provided 50 free pages to plaintiff and properly assessed fees for the additional 113 pages. Thus, plaintiff has not stated a valid claim against defendant for a FOIA violation, and the court was correct to dismiss his complaint.

¶ 20                                    III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of McHenry County dismissing plaintiff's complaint with prejudice.

¶ 22    Affirmed.